1

2

3

4

5

6

7

8

9

10

O

```
                    FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

        AUG 2 0 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY
```

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

11  RITA REYES,                          )  Case No. CV 09-8942 RNB
                                         )
12              Plaintiff,               )
                                         )
13          vs.                          )  ORDER REVERSING DECISION OF
                                         )  COMMISSIONER AND REMANDING
14  MICHAEL J. ASTRUE,                   )  FOR FURTHER ADMINISTRATIVE
    Commissioner of Social Security,     )  PROCEEDINGS
15                                       )
                                         )
16              Defendant.               )
                                         )
17                                       )

18

19      The Court now rules as follows with respect to the three disputed issues listed

20  in the Joint Stipulation.[1]

21      Disputed Issue Nos. 1 and 2 both relate to the finding of the Administrative

22  Law Judge ("ALJ") that plaintiff did not suffer from a severe mental impairment

23

24  _____

        [1]    As the Court advised the parties in its Case Management Order, the
25  decision in this case is being made on the basis of the pleadings, the administrative
26  record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance
    with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined
27  which party is entitled to judgment under the standards set forth in 42 U.S.C. §
28  405(g).

1

1  during the relevant period (i.e., the period prior to September 21, 2006).  (See AR

2  506, 537.)  Specifically, in his August 7, 2009 decision, the ALJ found:

3         "The prior decision found no evidence of a severe mental

4         impairment.  No evidence has been submitted for the relevant period

5         prior to September 21, 2006 which would rebut that finding." (AR 506.)

6

7         Plaintiff contends that the ALJ erred in failing to properly consider the treating

8  psychologist and treating case manager's "opinion" of plaintiff's functional ability,

9  as reflected in the letter dated November 16, 2006 (see AR 666) and/or in failing to

10 properly consider the Pacific Clinics treatment notes.  As to the November 16, 2006

11 letter, the Court concurs with the Commissioner that the letter on its face purported

12 to opine solely on the severity of plaintiff's **current** symptoms and did not expressly

13 purport to opine on the severity of plaintiff's mental impairment during the relevant

14 period (i.e., the period prior to September 21, 2006).  However, given the proximity

15 of the date of the letter to September 21, 2006 and the fact that it must have been

16 generated in response to a request made earlier than November 16, 2006, it was not

17 reasonable to infer that the opinion expressed therein to the effect that plaintiff's

18 mental impairment rendered her unable to maintain employment applied only to the

19 period beginning September 21, 2006.  At the very least, the letter was probative of

20 whether, prior to September 21, 2006, plaintiff's mental impairment(s) had more than

21 a minimal effect on plaintiff's mental ability to perform basic work activities.  It

22 therefore was error on the part of the ALJ to disregard plaintiff's psychologist's

23 opinion without stating specific and legitimate reasons supported by substantial

24 evidence in the record for doing so.  See, e.g., Reddick v. Chater, 157 F.3d 715, 725

25 (9th Cir. 1998) ("A treating physician's opinion on disability, even if controverted,

26 can be rejected only with specific and legitimate reasons supported by substantial

27

28

1    evidence in the record."); <u>Embrey v. Bowen</u>, 849 F.2d 418, 421-22 (9th Cir. 1988).[2]

2         As to the Pacific Clinics treatment notes, the Commissioner is correct in

3    asserting that the ALJ's prior decision of September 6, 2006 reflects consideration of

4    the Pacific Clinics treatment notes. (<u>See</u> AR 537.) However, the Pacific Clinics

5    treatment notes to which the ALJ was referring in his prior decision were those

6    provided by Pacific Clinics to the SSA on July 30, 2004. (<u>See</u> AR 409-20.) Thus, the

7    ALJ's prior non-severity finding did not include consideration of any of the 2006

8    treatment notes that were provided in connection with the proceedings on remand.

9    (<u>See</u> AR 712-37.) Those treatment notes, when considered in conjunction with the

10   November 16, 2006 letter, also are probative of whether, prior to September 21, 2006,

11   plaintiff's mental impairment(s) had more than a minimal effect on plaintiff's mental

12   ability to perform basic work activities.

13        For the foregoing reasons, the Court concurs with plaintiff that the ALJ erred

14   in failing to properly consider the treating psychologist and treating case manager's

15   "opinion" of plaintiff's functional ability, as reflected in the November 16, 2006

16   letter, and/or in failing to properly consider the Pacific Clinics treatment notes for

17   2006. It follows that the Court is unable to affirm the ALJ's Step Two finding that

18   plaintiff did not suffer from a severe mental impairment prior to September 21, 2006.

19   Accordingly, it is unnecessary for the Court to reach Disputed Issue No. 3.

20

21   _____

22        [2]   To the extent that the Commissioner appears to be contending that the

23   medical opinion of the consultative psychiatrist, Dr. Parikh, alone constitutes

24   substantial evidence on which the ALJ could properly rely in support of his non-

     severity finding (<u>see</u> Jt Stip at 11-12), the Court disagrees. Dr. Parikh rendered her

25   opinion on **March 1, 2003** (<u>see</u> AR 305-10), more than 3-1/2 years prior to the end

26   of the relevant period. The Court also notes that the fact that a treating physician's

27   opinion is contradicted by the opinion of another physician of record is not in itself

     a sufficient reason to reject the treating physician's opinion, but rather is merely

28   determinative of the governing standard for doing so.

1

## CONCLUSION AND ORDER

2          Remand for further proceedings is appropriate where additional proceedings

3    could remedy defects in the Commissioner's decision. See Kail v. Heckler, 722 F.2d

4    1496, 1497 (9th Cir. 1984). Remand for payment of benefits is appropriate where no

5    useful purpose would be served by further administrative proceedings, Kornock v.

6    Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed,

7    Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would

8    unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719

9    (9th Cir. 1985).

10          This is not an instance where no useful purpose would be served by further

11    administrative proceedings. Rather, the Court concludes that this is an instance

12    where additional administrative proceedings still could remedy the defects in the

13    ALJ's decision, including consideration of an earlier date than September 21, 2006

14    for commencement of payment of Title XVI benefits.

15          Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS

16    ORDERED that Judgment be entered reversing the decision of the Commissioner of

17    Social Security and remanding this matter for further administrative proceedings.

18

19    DATED: August 19, 2010

20

21                                        _____
                                          ROBERT N. BLOCK
22                                        UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

4